## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| Wordfast, LLC, | Civil Action No. 1:17-cv-07698 |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. |  |
| TransPerfect Global, Inc., |  |
| Defendant. |  |

## COMPLAINT

Plaintiff Wordfast, LLC for its complaint against Defendant TransPerfect Global, Inc. avers and alleges as follows:

### THE PARTIES

1.   Plaintiff Wordfast, LLC ("Wordfast") is a Delaware limited liability corporation having a principal place of business at 244 Fifth Avenue, Suite 2133, New York, New York 10001.

2.   Defendant TransPerfect Global, Inc. ("TPG") is a Delaware corporation having a principal place of business at 3 Park Avenue, 39th Floor, New York, New York 10016.

### JURISDICTION AND VENUE

3.   This action arises under the Copyright Act of the United States, 17 U.S.C. § 101, et seq., the Lanham Act, 15 U.S.C. § 1051, et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.   Wordfast owns the copyright to the Wordfast Server computer program source code (the "Wordfast Server Code"), and has registered the copyright in the Wordfast Server Code with

the United States Copyright Office, which assigned it Registration Number TX0008402055.  A true and accurate copy of the registration is attached hereto as **EXHIBIT A**.

5.   This Court has original subject-matter jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. §§ 1331 and 1338(a), which vests the United States District Courts with exclusive jurisdiction over "any claim for relief arising under any Act of Congress relating to . . . copyrights."

6.   Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and/or 1400(a) in that the Defendant may be found in this district, is subject to personal jurisdiction in this district at the commencement of this action, and because the events that gave rise to this claim occurred in this district.

## FACTS

## THE COPYRIGHTED WORDFAST SERVER CODE

7.   The Wordfast Server Code was authored in France by Yves Champollion and Jean-Philippe Odent in 2006.  The Wordfast Server Code is an automated translation system used by translators to make their work more efficient.

8.   Wordfast was formed in July 2006.  Mr. Champollion, who holds the title Founder and Chief Architect, has run the company since its inception.

9.   Wordfast is owned in equal shares by Philip Shawe ("Shawe") and Elizabeth Elting ("Elting").

10. In July 2006, Mr. Champollion sold all right, title and interest in the Wordfast Server computer program to Wordfast.  Since that time, Wordfast has been the sole owner of all right, title and interest, including without limitation the copyright, in the Wordfast Server Code.

2

11. Wordfast is the owner of the trademark WORDFAST, which is the subject of U.S. Trademark Registration No. 3,247,471.  A true and accurate copy of the registration is attached hereto as **EXHIBIT B**.

12. Subsequent to July 2006, Wordfast allowed the Wordfast Server Code, together with the WORDFAST trademark, to be used by TPG, another company in which Shawe and Elting have ownership interests, pursuant to a non-exclusive oral and/or implied license.

13. TPG has never owned Wordfast, directly or indirectly.

14. Wordfast has never owned TPG, directly or indirectly.

15. Wordfast has never stated or implied that its license to TPG is transferrable.

16. Wordfast has never stated or implied that its license to TPG is perpetual.

17. Wordfast has never stated or implied that its license to TPG is irrevocable.

18. Wordfast has never stated or implied that its license to TPG is royalty-free.  In fact, the parties agreed that, during the period of the license, TPG would provide a variety of in-kind services to Wordfast in exchange for its use of the Wordfast Server Code, including without limitation providing Wordfast with office space in TPG's New York offices, allowing Wordfast to use TPG's employees, hosting Wordfast's website, providing marketing and trade show support to Wordfast, and providing administrative services such as payroll to Wordfast.  In addition, TPG paid the salaries of several Wordfast employees.  The parties also agreed that TPG would pay Wordfast 5% of the revenues generated by TPG's granting of external server licenses to third parties.  Such payments were made until approximately 2009, and although no payments have been made since then, Wordfast understands that TransPerfect intends to pay the outstanding amount.

19. TPG's agreement to pay to Wordfast 5% of the revenues generated by TPG's granting of external server licenses to third parties is consistent with public representations on TPG's website at www.transperfect.com, including a press release announcing that, in return for Wordfast's contribution to the development and creation of products marketed by TPG, "Wordfast will receive an economic interest in future sales" of certain products.

20. The Wordfast Server Code has been used in the business of TPG since at least as early as 2008.  The Wordfast Server Code is used by TPG as an automated aid for translators to use in completing their translation projects.  TPG markets and uses several WORDFAST-branded products, including WORDFAST PRO, and WORDFAST ANYWHERE, as well as WORDFAST SERVER.

21. TPG also markets a product known as the GLOBALLINK PRODUCT SUITE, which includes GLOBALLINK TM SERVER, a translation memory technology based on the Wordfast Server Code that allows translation memories to be shared in real-time across an entity and with third parties.

22. Many products sold by TPG, including WORDFAST PRO, WORDFAST ANYWHERE, and GLOBALLINK PRODUCT SUITE, contain portions of the Wordfast Server Code and/or are derivative of the Wordfast Server Code (the "Wordfast Derivative Works").

23. Employees of both Wordfast and TPG contributed copyrightable material to some of the Wordfast Derivative Works and/or otherwise assisted with the preparation of some of the Wordfast Derivative Works.  In some cases, those employees owed obligations to both Wordfast and TPG, and it was not specified whether their contributions were on behalf of Wordfast, TPG or both.

4

## THE TPG SALE

24. TPG's predecessor was formed in 1992 as a translation company that could handle complex translation projects quickly and accurately.

25. The shares of TPG are owned 50% by Elting, 49% by Shawe, and 1% by Shirley Shawe.

26. In May of 2014, a Verified Petition for Dissolution of TPG was filed in the Court of Chancery of the State of Delaware, resulting, *inter alia*, in an August 13, 2015 Order, appointing Robert B. Pincus as Custodian for TPG to break deadlocks at TPG's Board and to prepare for an auction of the shares of TPG.

27. The orders of the Delaware Chancery Court ordering the sale of TPG did not mention Wordfast or the Wordfast Server Code.

28. At a Board meeting on August 2, 2017, Mr. Pincus stated with regard to the Wordfast Server computer program that TPG has a royalty-free license to use the license in perpetuity and owns all of the improvements.

29. In a letter dated August 14, 2017, an attorney acting on behalf of Mr. Pincus stated: "We do confirm that TPG owns a perpetual, royalty-free, nonexclusive license to whatever rights to the Wordfast software is owned by Wordfast, LLC. … TPG, by contrast, offers a range of products and services to corporate clients."

30. On information and belief, Mr. Pincus has made similar representations to potential buyers of TPG.

31. Mr. Pincus' representations and actions are contrary to the prior representations by TPG, and are inconsistent with the terms of the license from Wordfast.

4747170.6

32. Prior to Mr. Pincus' actions as described above, TPG did not claim that it owned exclusive rights in the improvements to any of the WORDFAST-branded software or that TPG's license was perpetual, irrevocable, transferable, and royalty-free.

33. Wordfast had no reason to believe that TPG would ever make such claims, since the communications between the parties and their course of conduct over many years demonstrated quite the opposite.

34. Upon information and belief, TPG or its agents, without authority from Wordfast, have reproduced copies of source code of various versions of the copyrighted Wordfast Server product, as well as the Wordfast Derivative Works, in furtherance of the planned sale of TPG assets.

35. Upon information and belief, the various products for which TPG illicitly made and distributed copies are protected by U.S. Copyright Registration Number TX0008402055, and bear a substantial similarity to the work protected by that Registration.

## COUNT I
### (Copyright Infringement: Registration No. TX0008402055)

36. Wordfast repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

37. The unauthorized reproduction by TPG or its agents of materials protected by Registration Number TX0008402055 constitutes copyright infringement under 17 U.S.C. §106, *et seq*.

38. TPG's conduct caused injury to Wordfast, including irreparable injury for which there is no adequate remedy at law.

39. Wordfast is entitled to damages in an amount to be established at trial.

## COUNT II
### (Declaratory Judgment as to Copyright Authorship and Ownership)

40. Wordfast repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

6

41. TPG's claims of sole ownership of the improvements contained in the Wordfast Derivative Works is in direct conflict with Wordfast's copyright rights under 17 U.S.C. § 201.

42. There is a concrete and definite controversy between TPG and Wordfast concerning the authorship and ownership of the Wordfast Derivative Works that is both immediate and real.

43. By virtue of the foregoing, an actual and justiciable controversy exists between Wordfast and TPG with respect to the authorship and ownership of the Wordfast Derivative Works, which can only be resolved by the application of federal copyright law, including without limitation the work for hire doctrine.

44. Accordingly, pursuant to the Declaratory Judgment Act, Wordfast is entitled to a declaration that Wordfast is the sole owner of the copyright in the Wordfast Server Code and that Wordfast is the sole owner, or, in the alternative, a co-owner with TPG, of the new material (i.e., material other than the Wordfast Server Code) contained in the Wordfast Derivative Works.

**COUNT III**
**(Declaratory Judgment as to Scope of Copyright and Trademark License)**

45. Wordfast repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

46. The position taken by Mr. Pincus on behalf of TPG is inconsistent with the provisions of federal copyright law because, for example and without limitation, Mr. Pincus alleges a copyright license that is perpetual whereas copyright is for a limited duration.  Mr. Pincus also appears to take the position that making improvements to the work of another conveys rights in the original work as embodied in the derivative work, which is inconsistent with the operation of copyright law.

47. The position taken by Mr. Pincus on behalf of TPG is inconsistent with the provisions of federal trademark law because, for example and without limitation, Mr. Pincus alleges the existence of a transferable, irrevocable and perpetual license regardless of whether in the future

7

there will a relationship between the licensor and licensee that allows for formal or informal quality control, which is required for a valid trademark license.

48. The actions taken by Mr. Pincus described above demonstrate that there is concrete and definite dispute between Wordfast and TPG concerning whether the non-exclusive license from Wordfast to TPG is perpetual, irrevocable, transferable, and/or royalty-free.

49. By virtue of the foregoing, an actual and justiciable controversy exists between Wordfast and TPG with respect to the scope of their license, which must be resolved in accordance with the principles of federal copyright law and federal trademark law.

50. Accordingly, pursuant to the Declaratory Judgment Act, Wordfast is entitled to a declaration that its copyright and trademark license to TPG is not perpetual, is not transferable, is revocable, and is royalty-bearing. Without limiting the generality of the foregoing, Wordfast is entitled to a declaration that it may revoke the license between it and TPG in the event of a change of ownership in TPG due to a sale of that entity or other changes in control of TPG.

## COUNT IV
### (Declaratory Judgment as to Copyright Infringement)

51. Wordfast repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

52. As described above, upon information and belief, Mr. Pincus has represented to third parties, including to prospective buyers of TPG, that the non-exclusive license from Wordfast to TPG is perpetual, irrevocable, transferable, and royalty-free.

53. These representations are inconsistent with the terms of the license. If a purchaser of TPG uses or sells the software previously licensed to TPG, without a new license from Wordfast, the purchaser would be infringing Wordfast's federal copyright rights.

54. By virtue of the foregoing, an actual and justiciable controversy exists between Wordfast and TPG with respect to whether a buyer of TPG could use or sell the software without

4747170.6

infringing Wordfast's copyright, which must be resolved in accordance with the principles of federal copyright law.

55. Accordingly, pursuant to the Declaratory Judgment Act, Wordfast is entitled to a declaration that any use of the Wordfast Server Code or Wordfast Derivative Works by a buyer of TPG, without a new license from Wordfast, would infringe Wordfast's copyright.

## COUNT V
### (Declaratory Judgment as to Federal Trademark Infringement: U.S. Trademark Registration No. 3,247,471)

56. Wordfast repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

57. If a purchaser of TPG uses or sells the software previously licensed to TPG, without a new license from Wordfast, the purchaser would be infringing Wordfast's federal trademark rights in WORDFAST, the subject to U.S. Trademark Registration No. 3,247,471, pursuant to 15 U.S.C. § 1114 because consumers would likely believe that the software is put out by, approved by, or affiliated with Wordfast when in fact it is unauthorized.

58.  By virtue of the foregoing, an actual and justiciable controversy exists between Wordfast and TPG with respect to whether a buyer of TPG could use or sell the software without infringing Wordfast's WORDFAST trademark, which must be resolved in accordance with the principles of federal trademark law.

59. Accordingly, pursuant to the Declaratory Judgment Act, Wordfast is entitled to a declaration that any use of the Wordfast Server Code or Wordfast Derivative Works by a buyer of TPG, without a new license from Wordfast, would infringe Wordfast's federal trademark rights.

## COUNT VI
### (Declaratory Judgment as to Violation of Lanham Act § 43(a))

60. Wordfast repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

4747170.6

61. If a purchaser of TPG uses or sells the software previously licensed to TPG, without a new license from Wordfast, the purchaser would be violating Lanham Act § 43(a), codified at 15 U.S.C. § 1125(a), which prohibits the use of any term likely to cause confusion, mistake or deception as to whether the goods or services in question are put out by, approved by, or affiliated with another party.

62. By virtue of the foregoing, an actual and justiciable controversy exists between Wordfast and TPG with respect to whether a buyer of TPG could use or sell the software without violating Section 43(a) of the Lanham Act, which must be resolved in accordance with the principles of federal trademark law.

63. Accordingly, pursuant to the Declaratory Judgment Act, Wordfast is entitled to a declaration that any use of the Wordfast Server Code or Wordfast Derivative Works by a buyer of TPG, without a new license from Wordfast, would violate Section 43(a) of the Lanham Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against defendant as follows:

A.      Enter judgment in favor of Wordfast on all counts;

B.      Enter a preliminary and permanent injunction restraining TransPerfect and its officers, directors, employees, agents, affiliates, successors, assigns, and all those in privity or acting in concert with them from infringing Wordfast's copyright rights in the Wordfast Server Code and Wordfast Derivative Works that are protected by Registration Number TX0008402055;

C.      Declare that Wordfast is the sole owner of the copyright in the Wordfast Server Code and that Wordfast is the sole owner, or, in the alternative, a co-owner with

10

TPG, of the new material (i.e., material other than the Wordfast Server Code) contained in the Wordfast Derivative Works;

D.     Declare that Wordfast's copyright and trademark license to TPG is not perpetual, is not transferable, is revocable, and is royalty-bearing;

E.     Declare that Wordfast may revoke the license between it and TPG in the event of a change of ownership in TPG due to a sale of that entity or other changes in control of TPG;

F.     Declare that any use of the Wordfast Server Code or Wordfast Derivative Works by a buyer of TPG, without a new license from Wordfast, would infringe Wordfast's copyright;

G.     Declare that any use of the Wordfast Server Code or Wordfast Derivative Works by a buyer of TPG, without a new license from Wordfast, would infringe Wordfast's federal trademark rights;

H.     Declare that any use of the Wordfast Server Code or Wordfast Derivative Works by a buyer of TPG, without a new license from Wordfast, would violate Section 43(a) of the Lanham Act;

I.     Order that TPG pay Wordfast the damages which Wordfast has sustained by reason of the conduct alleged herein;

J.     Order that TPG pay Wordfast enhanced damages as provided by law;

K.     Order that TPG pay pre-judgment interest on damages as provided by law;

L.     Order that TPG pay the costs of this action as provided by law;

M.     Order that TPG pay Wordfast's attorneys' fees as provided by law; and

N.     Grant such other and further relief as is just and proper.

11

## JURY DEMAND

Wordfast, LLC demands a trial by jury of all issues so triable.


Dated: October 7, 2017                          Respectfully submitted,

                                                /s/ Julia Huston
                                                Julia Huston #5077391
                                                David A. Kluft (*pro hac vice* sought)
                                                Justin C. Marble (*pro hac vice* sought)
                                                FOLEY HOAG LLP
                                                Seaport West
                                                155 Seaport Boulevard
                                                Boston, MA 02210
                                                Tel: 617-832-1000
                                                Fax: 617-832-7000
                                                jhuston@foleyhoag.com
                                                dkluft@foleyhoag.com
                                                jmarble@foleyhoag.com

                                                Erik A. Huestis #5148051
                                                FOLEY HOAG LLP
                                                1540 Broadway, 23rd Floor
                                                New York NY 10036
                                                Tel: 646.927.5500
                                                Fax: (646) 927-5599
                                                ehuestis@foleyhoag.com

                                                *Attorneys for Plaintiff Wordfast, LLC*

4747170.6